IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DOYLE NORMAN,<br><br>    Plaintiff,<br><br>    v.<br><br>BPR BRAMPTON LLC,<br><br>    Defendant. | CIVIL ACTION NO.: 6:20-cv-95 |

**O R D E R**

In this lawsuit, Plaintiff, who was employed by Defendant from January 2019 to September 2020, alleges that Defendant violated the Fair Labor Standards Act ("FLSA") by failing to pay him overtime wages for time that he claims he worked in excess of forty hours in given workweeks. (Doc. 1, pp. 1–2.)  In July 2021, the parties filed a Joint Motion for Court Review and Approval of Settlement Agreement and to Dismiss with Prejudice (hereinafter, the "Original Joint Motion"), seeking the Court's review and approval of their "Settlement Agreement and Release of Claims" (hereinafter, the "Original Settlement Agreement"), (docs. 25, 25-1).  After careful review of the proposed Settlement Agreement, the Court determined that the proposed Settlement Agreement was not fair and reasonable as written, and denied the Joint Motion, (doc. 25), without prejudice. Presently before the Court is the parties' Second Joint Motion for Court Review and Approval of Settlement Agreement and to Dismiss With Prejudice (hereinafter, the "Joint Motion"), (doc. 28), in which the parties seek the Court's review and approval of a revised version of their "Settlement Agreement and Release of Claims" (hereinafter, the "Revised Settlement Agreement"), (doc. 28-

1). After careful review of the Joint Motion and the Revised Settlement Agreement, the Court **GRANTS** the Joint Motion, (doc. 28).

## DISCUSSION

Congress enacted the FLSA with the purpose of protecting workers from oppressive working hours and substandard wages. Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). Because workers and employers often possess unequal bargaining power, Congress made the FLSA's wage and hour limitations mandatory. Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 706–07 (1945). Making the provisions mandatory meant eliminating the ability of workers and employers to negotiate an employment arrangement that falls short of the FLSA's minimum employee protections. Barrentine, 450 U.S. at 740.

Accordingly, the FLSA's provisions are not subject to bargaining, waiver, or modification either by contract or settlement, save for two narrow exceptions. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352–53 (11th Cir. 1982). The exception applicable here permits settlement when employees bring a private action for back wages under 29 U.S.C. § 216(b). Id. at 1353. In such an instance, the parties must present the proposed settlement to the court, and the court may approve it "after scrutinizing the settlement for fairness." Id. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,]" then the court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." Id. at 1354. The settlement can cover back wages, liquidated damages, reasonable attorney's fees, and costs of the action. 29 U.S.C. § 216(b).

**I.      Bona Fide Dispute**

In its prior Order, the Court determined that the present case presents a bona fide dispute. (Doc. 26, pp. 2–3.) The Court hereby incorporates by reference its analysis and determination on the issue that is contained in that Order. (Id.)

**II.     Fairness and Reasonableness of Settlement Agreement**

In the prior Order, the Court found that the proposed Original Settlement Agreement was not fair and reasonable as written for the following reasons: it contained a confidentiality provision, (id. at pp. 4–5); it contained a release provision that purported to release Defendant from non-FLSA claims, including claims "known and unknown," (id. at pp. 5–6); and it contained an unenforceable provision permitting amendment, modification, and waiver of its terms without judicial approval, (id. at pp. 6–7). Additionally, the Court had not been provided with sufficient information regarding the calculation of the settlement proceeds (including the sum to be paid to Plaintiff and the sums to be paid to Plaintiff's counsel), hindering the Court's ability to adequately scrutinize the settlement. (Id. at pp. 7–11).

In the Second Motion, the parties advise that, through the Revised Settlement Agreement, they have "removed the confidentiality provision from the Settlement Agreement[;] . . . refined the release provision to include only a release of Plaintiff's FLSA claim asserted in this action[; and have] . . . removed the 'amendment, modification and waiver' provision contained in the initial agreement." (Doc. 28, p. 6.) The Court has reviewed the Revised Settlement Agreement and confirmed that the Revised Settlement Agreement does not contain the three problematic provisions identified by the Court. (See docs. 28-1, 28-2.)

**A. Analysis of Sums to be Paid**

The Court now turns to the fairness and reasonableness of the sums to be paid by Defendant to Plaintiff and to Plaintiff's legal counsel. In the prior Order, the Court determined that it was unable to adequately scrutinize the Original Settlement Agreement because the parties had not provided information about the range of Plaintiff's possible recovery, had not provided any details about how they arrived at the specific sum that Defendant has agreed to pay Plaintiff, and had not demonstrated that the sum being paid as an attorney's fee is reasonable and that the costs (for which Plaintiff's attorney was being compensated) were all actually recoverable.

The Revised Settlement Agreement provides that Defendant "will pay the total sum of Eleven Thousand Five Hundred and NO/100 Dollars ($11,500.00) (the 'Settlement Proceeds'),'" which shall be paid as follows:

a. The sum of Six Thousand Four Hundred and Twenty-Two and 50/100 Dollars ($6,422.50) by check payable to [Plaintiff] . . .; and

b. The sum of Five Thousand Seventy-Seven and 50/100 Dollars ($5,077.50) by check payable to [Plaintiff's counsel's firm] . . . .

(Doc. 28-1, p. 2.)[1]

### 1. Sum to be Paid to Plaintiff

One of the factors courts are charged with considering in determining whether a settlement is fair and reasonable is "the range of [the plaintiff's] possible recovery." Leverso v. SouthTrust

---

[1] Confusingly, in the Joint Motion, the parties state that, "[p]ursuant to the settlement, Plaintiff is to receive the gross amount of *Six Thousand One Hundred and Fifty-Four Dollars and Fifty-Four Cents ($6,154.54)*" and, "[p]ursuant to Plaintiff's contingency fee agreement with his counsel, Plaintiff's counsel will receive Four Thousand Six Hundred ($4,600) in attorneys' fees and *Seven Hundred Forty-Five Dollars and Forty-Six Cents ($745.46) in costs*" (for a total of $5,345.46 to be paid to Plaintiff's counsel). (Doc. 28, p. 4 (emphasis supplied).) These figures do not correlate with the sums recited in the Revised Settlement Agreement; in fact, they match the sums that the *Original* Settlement Agreement indicated would be paid to Plaintiff and to his counsel. (See doc. 25-1, p. 2.) Apparently, the Joint Motion was not revised to reflect the changes that were made regarding the division of the $11,500.00 settlement proceeds. For purposes of this Order, the Court uses the figures actually stated in the Revised Settlement Agreement, which has been signed by both parties. (See docs. 28-1, 28-2.)

4

Bank of Ala., Nat'l Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); see also Barrera v. Home Paramount Pest Control Co., No. 6:20-cv-1639-RBD-GJK, 2021 WL 1382146, at *4 (M.D. Fla. Apr. 9, 2021), *report and recommendation adopted*, 6:20-CV-1639-RBD-GJK, 2021 WL 1394138 (M.D. Fla. Apr. 13, 2021).  Because the Original Joint Motion did not provide sufficient detail on this factor, the Court advised the parties to address it more fully, which they have done in the Joint Motion presently before the Court.  Defendant's position is that Plaintiff is not entitled to any recovery because he was "exempt from overtime and [thus] was properly paid at all times," but even if Plaintiff did prove he was entitled to backpay, Defendant claims Plaintiff's damages "must be calculated on a half-time basis," meaning his "maximum potential overtime recovery using his alleged overtime hours would be $3,128.40."  (Doc. 28, p. 2, n.1.)  The Joint Motion elaborates on Defendant's specific grounds for claiming that Plaintiff would be entitled to either no recovery or a recovery of no more than $3,128.40.[2]  (See id. at pp. 7–8.)  Plaintiff, on the other hand, states that, "if he prevailed on every issue in the case" (meaning that he "convinced a jury he worked 45 weeks [sic] in every single week of his employment and the jury determined that damages should be calculated on a time and a half basis"), then his maximum overtime pay recovery "would be

---

[2]  Specifically, Defendant explains that, damages would properly be calculated on a half-time basis because

> Plaintiff worked hours that fluctuated from week to week, he received a fixed salary that did not vary with the number of hours worked in a workweek, the amount of Plaintiff's salary was sufficient to provide compensation to Plaintiff at a rate not less than the applicable minimum wage under the FLSA for every hour worked in those workweeks in which Plaintiff purported to work the most hours, and Plaintiff and Defendant had a clear understanding that Plaintiff's salary was to be his compensation for each week, regardless of how long Plaintiff's [sic] stayed on the jobsite and purported to work.  Defendant contends that if this case were tried, the evidence would establish that if Plaintiff's weekly salary were divided by the number of hours Plaintiff actually worked in any given week, and Plaintiff then received one-half of his regular rate of pay for all hours worked over 40 hours per week, such rate, in addition to the salary that Plaintiff received, would satisfy any overtime pay requirement because such hours would have already been compensated at the straight time regular rate under Plaintiff's fixed salary arrangement and non-excludable (i.e., nondiscretionary) bonus structure with Defendant.

(Doc. 28, p. 7.)

5

$10,560." (Id. at p. 6.) Accordingly, he states, if the Court also awarded liquidated damages, he would be entitled to recover "up to $21,120." (Id.)

In its prior Order, the Court also advised the parties that, in order to approve the settlement, the Court must have a clear understanding of whether and/or to what extent the settlement included liquidated damages, which Plaintiff requested in his Complaint. Under the FLSA, if a plaintiff is entitled to recover unpaid wages, then he is statutorily entitled to an equal amount of liquidated damages, 29 U.S.C. § 216(b), and if an FLSA settlement does not include both back wages and liquidated damages, the parties must explain why it does not. See Nichols v. Dollar Tree Stores, Inc., No. 1:13-CV-88 WLS, 2013 WL 5933991, at *2 (M.D. Ga. Nov. 1, 2013) (denying a settlement agreement that did not state whether the plaintiff received liquidated damages, or if he did not, the reasons why). In the Joint Motion, the parties advise that the settlement "does not include liquidated damages," explaining that "Defendant contends that the imposition or payment of liquidated damages is not appropriate or warranted because there has been no violation of 29 U.S.C.A. § 207 (or any other provision of the FLSA) by Defendant, as alleged by Plaintiff." (Doc. 28, p. 8.) The parties elaborate that

> Defendant contends that Plaintiff was an exempt employee under 29 U.S.C.A. § 213 because he was employed by Defendant in a 'bona fide executive, administrative or professional' capacity, such that the FLSA requirements under 29 U.S.C.A. § 207 (and the penalties for violation of the FLSA, including the liquidated damages contemplated under 29 U.S.C.A. § 216) are inapplicable. Defendant contends that Plaintiff earned a salary with monthly base pay that was higher than the FLSA minimum under 29 U.S.C.A. § 206 and spent the majority of his time engaging in work that is exempt under 29 U.S.C.A. § 213 (a)(1), including supervising two or more full time employees, having decision-making authority and management duties and playing an important role in the job status of other employees of Defendant, including hiring and delegation of tasks to said employees.

6

(Id.) As it appears that there is a reasonable chance that Plaintiff would not be entitled to any liquidated damages, the Court finds that the parties have provided an adequate explanation regarding why the settlement does not include payment of any liquidated damages.

Given that Plaintiff faces an appreciable risk of a zero recovery if he proceeds with his claim, the fact that his maximum potential recovery for back wages is $10,560, and the fact that he faces a risk of not being awarded liquidated damages even if the jury awards him back wages, the Court finds that the settlement amount to be collected by Plaintiff—$6,422.50—is fair and reasonable.

### B. Analysis of Sums to be Paid to Plaintiff's Counsel

Before the settlement as a whole may be approved, the Court must find the amount to be paid to Plaintiff's counsel to be reasonable. According to both the Original Joint Motion and the pending Joint Motion, the amount to be paid to Plaintiff's attorney ($4,600) "was determined based on the [40%] contingency fee agreement between counsel and Plaintiff." (Doc. 28, pp. 8–9; see also doc. 25, p. 4.) Lest there be any confusion, the Court makes clear that, in its prior Order, it did not decline to find that the fee was reasonable simply because it was based on a contingency fee agreement. (See doc. 26, p. 11 (". . . the Court *declines to scrutinize* the appropriateness of the proposed attorney's fees award at this time . . .") (emphasis added).) As explained in the prior Order, the Court is charged with ensuring that the attorney's fees amount is reasonable and fair under the circumstances, particularly where, as here, that amount was not negotiated separately and was directly contingent upon the amount paid to Plaintiff. (Doc. 26, pp. 10–11.) The Court's concern was not merely that the amount had been formulated based on the 40% contingency agreement; the Court's concern was, more generally, whether Plaintiff had provided sufficient evidence of the work that his counsel had actually performed in order to demonstrate that the

7

$4,600 sum is reasonable and fair. (Id. at pp. 9–11.) Accordingly, having observed several time entries that might not pass muster, the Court ordered Plaintiff's counsel to provide a revised itemization of the recoverable time that he and his staff spent on this case, (id. at p. 12), which counsel has done, (see doc. 28-3).

Plaintiff's counsel states that his typical hourly rate is $400, however, Plaintiff proposes using a rate of $250 per hour for purposes of compensation for his work, and a rate of $95 per hour for compensable work performed by counsel's paralegals. (Doc. 25-3, p. 2.) The background and experience of Plaintiff's counsel and the two individuals identified as paralegals are detailed in the Declaration of V. Severin Roberts, (see doc. 25-3), which the Court has reviewed. According to the declaration, Plaintiff's counsel has been practicing law for approximately ten years and he has "served as counsel in more than 350 cases in the [federal district court], including more than 200 cases with Fair Labor Standards Act claims." (Id. at p. 2.) Counsel further explains that "Paralegal Linda Petmecky" has worked with him "as [his] primary legal assistant for approximately six years" and has "served as the primary legal assistant on hundreds of employment cases," while "Paralegal Marilym Schmitt has worked as a paralegal in the area of employment litigation for more than [ten] years. (Id. at p. 4 (emphasis added).) Defendant, which has jointly filed the motion seeking these rates, does not oppose the proposed hourly rates. The Court finds that the proposed rates are reasonable for the attorney and paralegal work performed on this case. See Milie v. City of Savannah, No. 4:18-cv-117 (S.D. Ga. July 16, 2020) (ECF No. 51) (setting hourly rates for attorneys at $275 and $225 per hour and for paralegals at $95 per hour in Savannah); Neville v. McCaghren, No. 6:17-cv-075, 2019 WL 1085197, at *1 (S.D. Ga. Mar. 7, 2019) (approving rates of $225 and $250 per hour in Statesboro and noting "the Court has previously approved" rates of $300 for Augusta and $250 for Savannah); Henry v. Cmty. of Hope Ctr., Inc.,

No. 3:14-cv-118, 2017 WL 9482067, at *2 (S.D. Ga. Apr. 27, 2017) (setting rate at $275 for Dublin market); Jackson v. Jump, No. 2:12-cv-135, 2014 WL 10558844, at *3 (S.D. Ga. Sept. 30, 2014) (hourly rates of $150–$250 found to be reasonable in Brunswick); Savannah-Chatham Cnty. Fair Hous. Council v. Davis, No. 4:06-cv-18, 2007 WL 1288130, at *5 (S.D. Ga. Apr. 30, 2007) (reducing Savannah rate to $250 per hour for attorneys with twenty-two and ten years of specialized experience).

The Court now turns to the amount of time for which Plaintiff's counsel seeks to be compensated. Counsel has presented an itemization for 13.5 hours of work that he performed, and a total of 13.45 hours of work performed by Ms. Petmecky and Ms. Schmitt. Using the $250 per hour and $95 per hour rates approved by the Court, the total amount of attorney's fees incurred for this work is $4,652.75. For reasons he does not explicitly state, Plaintiff has reduced this by $52.75, and only seeks $4,600 in attorney's fees.[3] The Court observes that there are several time entries for the filing of documents (presumably on CM/ECF) performed by Ms. Petmecky and Ms. Schmitt, which are generally not compensable tasks. (See doc. 28-3, pp. 2–3.) "Work by paralegals is recoverable . . . only to the extent that the paralegal performs work traditionally done by the attorney." B&F Sys., Inc. v. LeBlanc, No. 7:07-cv-192, 2012 WL 2529191, at *10 (M.D. Ga. June 29, 2012). However, reducing the total amount of paralegal time to exclude these relatively small time entries (totaling less than an hour) from the $4,652.75 total billed would result in only a negligible reduction below the $4,600 figure that has actually been requested. Plaintiff's

---

[3] In the Joint Motion, Plaintiff (through his counsel) comments that counsel and his staff "are, in fact, continuing to incur unrecovered time in a representation that began close to a year ago." (Doc. 28, p. 9.) It bears noting that counsel's additional work resulted from the submission of a settlement agreement that contained multiple terms that are widely-considered improper and unacceptable in FLSA settlements, along with a lack of any itemization of the claimed costs, and the submission of a time itemization that included time entries that were blatantly non-compensable as written. Accordingly, the Court had no choice but to reject the settlement agreement, requiring counsel to undertake additional work.

counsel is cautioned, however, that in submitting itemizations in support of attorney's fees requests in FLSA cases in the future, he should be sure not to include time entries for work that is secretarial or clerical in nature, such as filing or mailing documents, administrative phone calls, and scheduling.  See id.; Martin v. Augusta-Richmond County Comm'n, No. CV 112-058, 2012 WL 5950408, at *7 n.4 (S.D. Ga. Nov. 28, 2012) (reducing hours for time spent "gathering, copying, mailing, and filing documents").  In conclusion, the Court finds the time expended by counsel and his attorneys to otherwise be reasonable, and thus approves the request for payment of $4,600 in fees.

The settlement agreement also provides for reimbursement of $477.50 for other expenses, which the Joint Motion states covers the $400 filing fee charged by the Court to initiate this action and $77.50 charged by the process server that served the Complaint and summons on Defendant in this matter.  (Doc. 28, p. 10 (noting that these expenses were "advanced on Plaintiff's behalf").)  Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party."  However, a district court may not permit a costs award in excess of those permitted by 28 U.S.C. § 1920.  See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).  Plaintiff's counsel is entitled to reimbursement for the filing fee because such costs are taxable under § 1920.  As for the private process server fee, such fees may be recovered as long as they are in line with the cost of service by the United States Marshals Service.  See United States E.E.O.C. v. W&O, Inc., 213 F.3d 600, 624 (11th Cir. 2000) ("We hold that private process server fees may be taxed pursuant to §§ 1920(1) and 1921.").  Pursuant to 28 C.F.R. § 0.114, the United States Marshals Service collects "$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." 28 C.F.R. § 0.114(a)(3).  Because the amount Plaintiff expended

for service of process is comparable to the cost of service by the United States Marshals Service and Defendant raises no objection, the Court allows Plaintiffs to recover this cost. See Morris v. Augusta-Richmond County, No. 1:14-cv-196, 2017 WL 1078643, at *3 (S.D. Ga. Mar. 21, 2017).

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the parties' Second Joint Motion for Court Review and Approval of Settlement Agreement and to Dismiss with Prejudice, (doc. 28), and **APPROVES** their settlement as stated in the Revised Settlement Agreement, (docs. 28-1, 28-2), including the amount to be paid to Plaintiff's counsel for fees and costs.  This case is hereby **DISMISSED WITH PREJUDICE**.  The Court **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 24th day of November, 2021.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA